IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DENNIS GERMAN, ) <br> ) <br> Defendant. ) | Case No. 25 C 9627 |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Dennis German has filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. He also requests further evidentiary hearings. For the reasons below, the Court declines to set the matter for an evidentiary hearing and denies German's motion.

### Background

On February 2, 2021, Dennis German and three co-defendants were charged with various drug and firearm offenses in a twelve-count superseding indictment. German entered into an agreement to plead guilty to four of those counts: Count 7, knowingly using a residence for the purpose of manufacturing and distributing a controlled substance, 21 U.S.C. § 856(a)(1); Count 10, possessing a firearm as a felon, 18 U.S.C. § 922(g)(1); Count 11, possessing a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1); and Count 12, possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). The plea agreement provided that the prosecution would dismiss the other counts.

In the plea agreement, German made several admissions that constituted the

factual basis for his guilty plea. Regarding Count 7, the stash house offense, German admitted that between November 2019 and June 30, 2020, he knowingly and frequently used a residence for the purpose of manufacturing and distributing cocaine, cocaine base, heroin, and fentanyl. Regarding Counts 10 and 12, German admitted that he knowingly possessed a firearm, despite knowing that he was a felon, and in furtherance of a drug trafficking crime. He specifically admitted that on June 30, 2020, he possessed a Beretta pistol to protect heroin and fentanyl that he intended to distribute. His admission that he possessed heroin and fentanyl with the intent to distribute also established a factual basis for Count 11. German further admitted to discharging the Beretta numerous times the day before.

German's plea agreement also contained several admissions regarding other relevant conduct for sentencing. He admitted that he had operated a drug trafficking business out of the stash house since at least December 2018, employed others to help with his drug trafficking business for at least three months, and possessed two additional pistols (a Glock and a Smith and Wesson) at the stash house for at least two months. German further admitted to four prior criminal acts:

- On July 26, 2019, German was pulled over for speeding but fled because he had 23.8 grams of marijuana, 8.8 grams of a fentanyl / heroin mixture, 8.7 grams of crack cocaine, and 0.4 grams of a fentanyl / cocaine mixture, all of which he intended to distribute.

- On November 22, 2019, German sold 0.1 of a gram of a fentanyl / cocaine mixture and 0.2 of a gram of crack cocaine out of the stash house to a confidential source working with the police.

- On November 26, 2019, in the stash house, German possessed and intended to distribute 1.09 grams of a fentanyl / heroin mixture, 34.1 grams of cocaine, and 10.8 grams of crack cocaine.
- On March 20, 2020, in the stash house, German possessed and intended to distribute 66.5 grams of cocaine, 15.6 grams of heroin / fentanyl / cocaine mixtures, and 25.2 grams of cocaine base.

Based on these factual admissions, the plea agreement contained several agreements by the parties related to sentencing. The parties agreed that the base offense level for the drug offenses was 24 because the total amount of controlled substances was between 100 and 400 kilograms of converted drug weight. They further agreed that a two-level enhancement applied, bringing the offense level to 26, because German operated a stash house. The plea agreement also documented that the government believed that the offense level should ultimately be 32 based on three additional sentencing enhancements—a two-level enhancement for having a leadership role in a drug trafficking conspiracy, a two-level enhancement for obstructing justice, and a two-level enhancement for recklessly creating a substantial risk of death or serious bodily injury while fleeing law enforcement.

Regarding the gun possession offenses, the parties agreed that the base offense level was 22 based on the Glock's capability to accept a large capacity magazine and German's previous felony conviction of a crime of violence. They further agreed that a three-level enhancement applied because the offense involved three or more firearms, bringing the total offense level to 25. The plea agreement expressly stated that each party was free to recommend whatever sentence they deemed appropriate.

After a change of plea hearing where German affirmed that he was knowingly and voluntarily pleading guilty, the Court accepted the plea. Three weeks later, German filed a motion to withdraw the plea. The Court held two hearings at which German stated that he felt that the pressured to sign the plea, given his rapidly approaching trial, and that he "didn't really understand it." Jan. 4, 2022 Transcript of Proceedings at 7. He also contended that his counsel had misinformed him that a pending *pro se* motion to suppress had been denied and provided inaccurate information about the possible penalties for the section 924(c) counts.

The Court denied German's motion, finding that his arguments were contradicted by his sworn testimony at his plea hearing and that German's counsel had accurately explained the possible penalties for the section 924(c) counts. German filed a second motion to withdraw his guilty plea, asserting two of the same arguments. After another hearing, the Court denied that motion as well.

German's presentence report calculated German's offense level as 32. At sentencing, German objected to the sentencing enhancements for a leadership role, obstruction of justice, and reckless fleeing. The Court overruled each of these objections. It applied the leadership enhancement based in part on video of German directing others to measure and distribute drugs. It applied the obstruction of justice enhancement based on evidence that German had tried to persuade someone else to take responsibility for a gun in a way that, in the Court's view, would not have been accurate. As for the reckless fleeing enhancement, the Court rejected German's contention that he was not the driver of the car at the relevant time. The Court cited officer testimony identifying German as the driver at earlier and later points in time, the

fact that the car was registered in German's name, and the lack of a basis to believe that someone else would have been driving the car and determined that the government had shown by a preponderance of the evidence that German was the driver.

The Court ultimately sentenced German to a total of 13 years of imprisonment, a below-guidelines sentence. On direct appeal, German's counsel filed an *Anders* brief asserting that the appeal was frivolous and moved to withdraw. German filed a response raising challenges to the validity of his plea and his sentence. The Seventh Circuit analyzed the issues raised by German and his appellate counsel, determined that they lacked merit, and dismissed the appeal. *United States v. German*, No. 22-2016, 2024 WL 686692 (7th Cir. Feb. 20, 2024).

## Discussion

Section 2255 offers a postconviction remedy for federal prisoners who claim that their sentence was imposed without jurisdiction or violated federal law. 28 U.S.C. § 2255; *see Daniels v. United States*, 532 U.S. 374, 377 (2001). A prisoner with such a claim may file before the sentencing court a motion to "vacate, set aside or correct" his sentence. 28 U.S.C. § 2255(a). A movant under section 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." *Id.* § 2255(b). If the court finds that the sentence is vulnerable to collateral attack, it "shall vacate and set the judgment aside" and provide other appropriate relief. *Id.*

A section 2255 motion is not a substitute for or a second chance at a direct appeal. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007); *Reed v. Farley*,

512 U.S. 339, 354 (1994).[1] An argument not raised on direct appeal is procedurally defaulted, *i.e.*, barred from collateral review, unless the petitioner can show good cause for the failure to raise it and actual prejudice, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). And under the law of the case doctrine, a court may not reconsider arguments already decided on direct appeal unless there has been a change in circumstances or "the prior decision was clearly erroneous and would work manifest injustice." *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004).

Construing German's *pro se* filings liberally, *see Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009), the Court can discern the following arguments. One, German argues that his criminal acts prior to June 29, 2020 were separate offenses that were not sufficiently related to all be included in a single indictment. Two, he contends that those other criminal acts were dismissed and therefore should not have been included in the presentence report or considered by the Court in sentencing. Three, he suggests that the government breached the plea agreement by arguing that those acts justified sentencing enhancements. Four, he contends that his convictions for Counts 7 and 12, as well as the enhancements to his sentence, are unsupported by the evidence. He further states that he is actually innocent of Count 12 and of the leadership enhancement. Five, he asserts that his trial and appellate counsel were ineffective because they failed to raise these challenges.

At the outset, German does not point to any change in circumstances, so the

---

[1] This principle partially comes from pre-existing federal habeas corpus law, which section 2255 inherited. *See Jones v. Hendrix*, 599 U.S. 465, 472–73 (2023); *Davis v. United States*, 417 U.S. 333, 346 (1974).

6

Court will not reconsider any issues already decided on direct appeal. That includes German's arguments regarding the sufficiency of the evidence underlying his convictions and enhancements to his sentence, as well as his contention that he is actually innocent of Count 12. See *German*, 2024 WL 686692, at *4–*6. His arguments about improper joinder, consideration of dismissed charges, and breach of plea were not raised on direct appeal, so they are unavailable unless he can show cause and prejudice. That leaves only his claim of ineffective assistance of counsel, which is properly raised for the first time in a section 2255 motion. See *id.* at *4 (citing *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)).

      German attempts to overcome these procedural hurdles in three ways. He first argues that he has not had a direct appeal because his appellate counsel filed an *Anders* brief. That argument is misguided. When defense counsel in a criminal appeal believes that there is no meritorious ground for appeal, she must file an *Anders* brief examining the record and explaining why. *Anders v. California*, 386 U.S. 738, 744 (1967). Importantly, the appellate court then must conduct a "full examination of all of the proceedings[] to decide whether the case is wholly frivolous." *Id.* " If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . ." *Id.*

      An appeal where counsel files an *Anders* brief is nonetheless an opportunity to present arguments on direct appeal. See *White*, 371 F.3d at 902–03. And when an appellate court examines and dismisses such an appeal as frivolous, "that is a binding adjudication that the claims presented in it had no merit at all, rather than an invitation to refile." See *id.*; see also *Carter v. Tegels*, 135 F.4th 534, 543 (7th Cir. 2025). The bottom line is this: an argument raised in an *Anders* brief and rejected on appeal, just

7

like any other argument, cannot later be reconsidered in review of a 2255 motion unless an exception to the law of the case doctrine applies.

In seeking review of these points, German next relies on his contention that he is actually innocent of the convictions and sentencing enhancements that he challenges. A "convincing showing" of actual innocence can serve as a "gateway" for section 2255 movants to overcome procedural barriers. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see Lairy v. United States*, 142 F.4th 907, 913–14 (7th Cir. 2025). Lastly, German attempts to show cause and prejudice test for his procedurally defaulted arguments, relying solely on his claim of ineffective assistance of counsel to establish good cause for failing to raise his other arguments on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel . . . is cause for a procedural default."). To establish ineffective assistance of counsel, German must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *see Lee v. United States*, 582 U.S. 357, 364–65 (2017) (noting that when a defendant accepted a plea based on allegedly deficient advice from counsel, the different result the defendant must show is that they would have gone to trial instead).

German's actual innocence argument and his ineffective assistance of counsel claim both overlap with his challenges to his sentence. He does not offer any exonerating evidence to show that he is actually innocent. Instead, he relies solely on his arguments that his convictions and sentence were not supported by the evidence.

Similarly, German's only specific complaints regarding his trial and appellate counsel involve their refusal to raise the objections he presents in this motion. German's actual innocence and ineffective assistance of counsel claims thus fall short for the same reason that German would not be entitled to relief even if he were not procedurally barred: his challenges to his sentence lack merit.

First, the indictment against German did not improperly join offenses. Rule 8 of the Federal Rules of Criminal Procedure provides that multiple offenses may be listed as separate counts in the same indictment if the offenses "are of the same or similar character, or as based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The drug and gun offenses listed as separate counts in the indictment were of the same or similar character. Furthermore, under the government's theory, which German confirmed in his guilty plea, these gun and drug transactions were all part of a common scheme— namely, running a drug distribution business out of the same stash house for one and a half years.

German argues that the indictment was duplicitous, but that argument is based on a misunderstanding of duplicity, which is the joining of multiple separate offenses in a *single count* of an indictment. *See United States v. Conley*, 291 F.3d 464, 469 n.4 (7th Cir. 2002). In German's indictment, the separate offenses were listed as separate counts. German also points out that the other offenses were separated by four months and intervening arrests, but neither shows that joinder was improper under Rule 8(a), which looks to evidentiary overlap and the logical relationship between offenses. *United States v. Berardi*, 675 F.2d 894, 899–900 (7th Cir. 1982). Even offenses separated by

much longer periods of time can be properly joined if there is good reason to think that they are connected, as there was in German's case. *See, e.g., United States v. Koen*, 982 F.2d 1101, 1111–12 (7th Cir. 1992) (holding that offenses separated by one and a half years were properly joined).

As for the intervening arrests, they are not the trump card that German thinks they are. He cites section 4A1.2 of the Sentencing Guidelines for the proposition that an intervening arrest defeats a finding of relatedness. *See* U.S.S.G. § 4A1.2; *United States v. Webb*, No. 95-1326, 1996 WL 19250, at *5 (7th Cir. Jan. 17, 1996) (Wood, J., concurring). But that provision deals with whether to treat prior sentences separately or as a single sentence *for purposes of computing a defendant's criminal history category*. It does not involve whether prior offenses for which a sentence has not been imposed can be joined in a single indictment.

Furthermore, German is mistaken in arguing that dismissed counts were improperly considered at his sentencing. The presentence report and Court considered his previous criminal acts not as other convictions, as German believes, but as other relevant conduct connected to the offenses of conviction, for the purpose of "reflect[ing] in [the] sentence the actual seriousness of [the] offense." *United States v. Ritsema*, 31 F.3d 559, 564–65 (7th Cir. 1994); *see United States v. Ruffin*, 997 F.2d 343, 346 (7th Cir. 1993) (distinguishing between "prior criminal *conduct*" and "prior *charges*").

That is what the Sentencing Guidelines advise courts to do. *See* U.S.S.G. § 1B1.1, app. note 1(H) ("'Offense' means the offense of conviction and all relevant conduct under § 1B1.3 . . . ."); *id.* § 1B1.3 (defining relevant conduct to include "all acts . . . by the defendant . . . that occurred during the commission of the offense of

conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"). That practice is also within the courts' traditional sentencing discretion. *See Whitte v. United States*, 515 U.S. 389, 397–98 (1995). And it is constitutional so long as the sentence remains within the statutory limits for the crime. *See id.*; *see also Alleyne v. United States*, 570 U.S. 99, 116–17 (2013).

German's third and fourth challenges to his sentence rest on the same misunderstanding. The prosecution did not breach the plea agreement by arguing that German's prior criminal behavior should factor in as relevant conduct. As promised, the prosecution dismissed the other charges. And as expressly contemplated in the plea agreement, it exercised its right to advocate for additional sentencing enhancements based on conduct not captured in the offenses of conviction.

As the Seventh Circuit held, the evidence of German's other criminal behavior, including his own factual admissions in his plea agreement and plea hearing, was sufficient to establish by a preponderance of the evidence that those enhancements applied. *See Ruffin*, 997 F.2d at 345 ("The prosecutor's burden of persuasion at trial is proof beyond a reasonable doubt, while at sentencing the judge decides according to the preponderance of the evidence."); *see also United States v. White*, 883 F.3d 983, 989 (7th Cir. 2018) ("A plea agreement and admissions in a guilty plea hearing may of course establish a factual foundation for sentencing."). German specifically argues that he is actually innocent of the leadership enhancement because the underlying conviction under section 846 is not one for conspiracy, citing sections 3B1.1 and 3B1.2 of the Sentencing Guidelines. But those sections advise courts to consider "the

defendant's role in the offense" and require multiple participants in the "criminal activity," which looks to more than just the acts constituting the conviction. U.S.S.G. §§ 3B1.1–3B1.2. In case there were any doubt, the introductory commentary to chapter three states that "[t]he determination of a defendant's role in the offense is to be made on the basis of all [relevant] conduct . . . and not solely on the basis of elements and acts cited in the count of conviction." *Id.*, Ch. 3, Pt. B, intro. comment; *see United States v. Mandel*, 15 F. App'x 369, 373 (7th Cir. 2001).

German's challenges to the evidentiary support for his convictions are foreclosed by his guilty plea. *See Davila v. United States*, 843 F.3d 729, 731–32 (7th Cir. 2016) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)).

German hints that his plea was involuntary, but the only factual support he provides is that "[h]e almost refused to plead to the section 924(c) count and counsel convinced him to do so." Br. in Supp. of Mot. at 13. That does not render his plea involuntary. German cites *McCoy v. Louisiana*, 584 U.S. 414 (2018), but *McCoy* merely says that the decision whether to admit guilt is the ultimately up to the criminal defendant, not his counsel. *Id.* at 417–18. Criminal defense counsel thus cannot go against her client's decision, *e.g.*, by presenting a defense at trial that admits guilt when the client has made clear that he wants to maintain his innocence. *Id.* That is not what happened here. German does not dispute that he ultimately made the decision to plead guilty. Counsel may have persuaded him to do so, but providing persuasive advice does not violate *McCoy* or any other legal rule. *Cf. id.* at 423 ("Counsel, in any case, must still . . . explain[] why, in her view, conceding guilt would be the best option.").

German also suggests that his appellate counsel was ineffective because they

12

filed an *Anders* brief. But the mere fact that appellate counsel filed an *Anders* brief is not enough to show deficient performance; the defendant must show "that a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief." *See Smith v. Robbins*, 528 U.S. 259, 288 (2000). German has not done so. German asserts that there was no "planning" or "in depth conversation" regarding his appeal, Reply in Supp. of Mot. at 3, but that is likely the result of counsel identifying that there was no meritorious argument and therefore little to plan. Moreover, the absence of prejudice is presumed if counsel adhered to the *Anders* procedure, *Smith*, 528 U.S. at 286–87, as German's counsel did, *German*, 2024 WL 686692, at *1 ("[C]ounsel explains the nature of the case, addresses the potential issues that the appeal might involve, and appears to analyze the issues thoroughly . . . .").[2] German has not met his burden to overcome that presumption.

The above analysis shows that, to the extent that German's trial and appellate counsel decided not to raise these arguments, those decisions were not outside the "wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 689. Additionally, German cannot show any prejudice from counsel's decisions. *See id.* at 691–96 ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."). As a result, he cannot sustain either his claim of ineffective assistance of counsel or his cause and prejudice argument. He also has not provided a convincing showing of actual innocence, *McQuiggin*, 569 U.S. at 386, or shown that a refusal to consider his arguments would

---

[2] German's argument that prejudice should be presumed under *United States v. Cronic*, 466 U.S. 648 (1984), is thus mistaken.

result in injustice, *Prewitt*, 83 F.3d at 816; *White*, 371 F.3d at 902.

In sum, German's challenges to his sentence are either barred from consideration at this point by the law of the case or procedurally defaulted. In any event, they do not establish a basis for relief or further evidentiary hearings.

### Conclusion

For the reasons stated above, the Court denies German's section 2255 motion [dkt. 1] and declines to issue a certificate of appealability. The Clerk is directed to enter judgment stating: Defendant's motion under 28 U.S.C. § 2255 is denied.

Date: January 22, 2025

_____
MATTHEW F. KENNELLY
United States District Judge